**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| |
|---|
| RICHARD D. KING, JR., |
| Plaintiff, |
| v. |
| CAROLYN W. COLVIN, |
| Acting Commissioner of Social Security, |
| Defendant. |

Civil Action No. 2:16-cv-2916 (JLL)

**OPINION**

**LINARES**, District Judge.

Before this Court is Richard D. King, Jr. (hereinafter "Plaintiff" or "Claimant")'s appeal, which seeks review of Administrative Law Judge ("ALJ") Leonard Olarsch's denial of Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). The Court's jurisdiction to review Plaintiff's appeal falls under 42 U.S.C. § 405 (g) and pursuant to Local Civil Rule 9.1 (f) the Court resolves this matter on the parties' briefs. The Court has considered the submissions made in support of and in opposition to the instant appeal and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court finds that the ALJ's decision is supported by substantial evidence and affirms ALJ Olarsch's determination.

1

I. **BACKGROUND**[1]

On May 3, 2012, Plaintiff filed a Title II and Title XVI application with the Social Security Administration (the "Administration") claiming a period of disability and seeking DIB and SSI. R. at 26. Plaintiff alleges an onset date of September 27, 2010. Id. Both claims were denied initially on September 11, 2012 and then upon reconsideration on March 17, 2013. Id. at 88 – 151. Plaintiff then requested a hearing on May 10, 2013. Id. at 185 – 86. A hearing was held on May 28, 2014 in Newark, New Jersey during which the Plaintiff and vocational expert Tanya Edghill ("Ms. Edghill") provided testimony. Id. at 40 – 87.

In light of the administrative hearing, ALJ Olarsch issued a decision on September 30, 2014 finding the Plaintiff not disabled under sections 216(i), 223(d), and 1614 (a)(3)(A) of the Act. Id. at 23-29. Thereafter, Plaintiff requested that the Appeals Council review ALJ Olarsch's decision; this request was subsequently denied thereby affirming the ALJ's decision as the final decision of the Commissioner. Id. at 1-6.

Plaintiff filed the appeal currently pending before this Court on May 23, 2016. (ECF No. 1, "Compl."). A brief was filed by the Plaintiff in support of the instant appeal (ECF No. 9, "Pl.'s Br.") on October 31, 2016. In response, on October 17, 2016, Defendant submitted a brief in opposition (ECF No. 10, "Opp'n Br.").

In regards to the facts involved in this action, since the Court writes for the parties who are familiar with the factual history of the case, the Court discusses below only the facts relevant to the issues raised on appeal.

II. **STANDARD OF REVIEW**

This court must affirm the ALJ's decision if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). "Substantial

---
[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 5.

evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). The "substantial evidence standard is a deferential standard of review." *Id.* The ALJ is required to "set forth the reasons for his decision" and not merely make conclusory unexplained findings. *Burnett v. Comm'r of Soc. Sec*, 220 F.3d 112, 119 (3d Cir. 2000). But, if the ALJ's decision is adequately explained and supported, the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). It does not matter if this Court "acting *de novo* might have reached a different conclusion" than the Commissioner. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). Finally, the Third Circuit has made clear that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his [or her] analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505.

### III. THE FIVE STEP EVALUATION PROCESS TO DETERMINE DISABILITY UNDER THE ACT

The Social Security Act authorizes the Administration to pay a period of disability, disability insurance benefits and supplemental security income to disabled individuals. 42 U.S.C. §§ 423 (a); 1382. Pursuant to the Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423 (d)(1)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairment(s) are "of such severity that he is not only unable to do his previous work, but

3

cannot, considering his age, education, and work experience, engage in any other kind of work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A).

The Regulation promulgated under the Act sets forth a five-step process to be used by the ALJ to determine whether or not the claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). The claimant bears the burden of proof at steps one through four whereas the Administration bears the burden at step five. *Poulos v. Comm'r of Soc. Sec.*, 474 F. 3d 88, 92 (3d Cir. 2007) (citing *Ramirez v. Barnhart*, 372 F. 3d 546, 550 (3d Cir. 2004)). The first step in the sequential evaluation process requires that the ALJ determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520 (a). If it is found that the claimant is engaged in substantial activity, the disability claim will be denied. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Alternatively, if it is found that the claimant is not engaged in substantial gainful activity the evaluation proceeds to step two. *Id.* At step two, the ALJ must determine whether the claimant suffers from a severe impairment. 20 C.F.R. § 404.1520 (c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits. However, if the ALJ finds that the showing indicates claimant's disability is severe, the analysis proceeds to step three. At step three, the ALJ then evaluates whether the claimant's severe impairment is listed or is equivalent to an impairment set forth by the Code. 20 C.F.R. § 404.1520 (d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four. Step four requires that the ALJ make specific findings of fact as to the claimant's residual functional capacity and also as to the mental and physical demands of the claimants past relevant work. After both of these findings are made, the ALJ must compare the RFC to the past relevant work to determine whether Claimant retains the RFC to perform the past relevant work. 20 C.F.R. § 404.1520 (d). The claimant bears the

burden of demonstrating an inability to return to her past relevant work. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.1994). If at step four, the evaluation indicates that the claimant is unable to resume past relevant work or any employment history does not qualify as past relevant work, the evaluation moves to step five. *Jones*, 364 F.3d at 503. The final step shifts the burden of proof to the "Administration to show that the claimant is capable of performing other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience and [RFC]." *Ramirez*, 372 F.3d at 551; 20 C.F.R. § 404.1520(f). The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. *Jones*, 364 F.3d at 503.

Additionally, under the Act, disability must be established by objective medical evidence. To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

*Id.*; *see* 42 U.S.C. § 1382c(a)(3)(A). Factors to consider in determining how to weigh evidence from medical sources include: (1) the examining relationship; (2) the treatment relationship, including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of the individual giving the opinion. 20 C.F.R. § 404.1527(c).

5

## IV. DISCUSSION

After applying the five-step evaluation process, ALJ Olarsch determined that the Plaintiff had not been under a disability within the meaning of the Act from September 27, 2010 through the date the administrative decision was issued on September 30, 2014. R. at 26, 34. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 27, 2010, the alleged date of onset. Id. at 28. At step two, ALJ Olarsch found that Plaintiff suffered from "the following severe impairments: spine disorders, affective disorders, [and] anxiety disorders (20 C.F.R. 404.1520(c) and 416.920(c))." Id. However, at step three, the ALJ determined that these impairments or a combination of these impairments neither met nor medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520 (d), 404.1525, 404.1526, 416.920 (d), 416.925 and 416.926). Id. Before proceeding to step four, ALJ Olarsch asserted that the Plaintiff had the RFC "to perform light work as defined in 20 C.F.R. §§ 404.1567 (b) and 416.967 (b) except can stand and walk four hours, perform frequent postural maneuvers, occasional bending; no climbing of ladders, ropes or scaffold; frequent rotating of neck and raising right arm above shoulder, limited to simple, routine, repetitive, tasks, off task 10 percent of workday." Id. at 30. Next, at step four, ALJ Olarsch found that the Plaintiff is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965). Id. at 32. At the final step, after considering the Plaintiff's age, education, work experience and residual functional capacity, ALJ Olarsch determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969 and 416.969(a)). Id. at 33. In making the final determination, the ALJ also took into account the testimony of vocational expert Ms. Tanya Edghill. Id. at. Ms. Edghill testified that jobs exist in the national economy that an individual

with the claimant's age, education, work experience and RFC would be capable to perform. Id. These occupations include: telemarketer (DOT code 299.357-014, sedentary, semi-skilled SVP 3) without over 200,000 such jobs existing nationally, labeler (DOT code 920.687-126, light, unskilled SVP 2) with over 170,000 positions existing nationally, officer cashier (DOT code 211.462-010, light, unskilled SVP 2) with over one million jobs existing nationally, and ampoule filler (DOT code 559.685-018, light, unskilled SVP 2) with over 100,000 such jobs existing nationally. Id. Pursuant to SSR 00-4p, ALJ Olarsch found that the vocational expert's testimony was consistent with the information in the Dictionary of Occupational Titles and that based on said testimony, and in consideration of the Plaintiff's age, education, work experience and RFC, the Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy and therefore a finding of not disabled is appropriate under the framework. Id. at 33. Plaintiff sets forth two arguments in support of his appeal. First, Plaintiff asserts that ALJ Olarsch's failed to properly weigh the medical evidence and to properly determine his RFC. Pl.'s Br. 15. Secondly, Plaintiff avers that the ALJ failed to properly evaluate his credibility. Id. 21. The Court finds Plaintiff's arguments unpersuasive and for the reasons discussed below finds that substantial evidence supports ALJ Olarsch's findings.

### A. ALJ Olarsch's Properly Weighed the Medical Evidence in Rendering the RFC Finding

Plaintiff challenges the RFC determination by arguing that ALJ Olarsch failed to give the treating physicians' opinions great weight and therefore the ALJ failed to properly determine Plaintiff's RFC. Pl.'s Br. 15. In turn, Defendant argues that the ALJ did not err in evaluating the medical evidence and gave proper weight to the medical opinions, such as Dr. Abboud's opinion. Def.'s Br. 7. In support of its argument, Defendant sets forth four points: 1.) "contrary to Dr. Abboud's impression that Plaintiff was bedridden, the record shows that

7

Plaintiff was active"; 2.) "Plaintiff presented well at the hearing and was not nearly as limited as Dr. Abboud found"; 3.) "Dr. Abboud's opinion was unsupported"; and 4.) "although Dr. Abboud mentioned that Plaintiff fell possibly as a result of medication, she failed to mention that some of Plaintiff's problems stem from alcohol abuse." Def.'s Br. 8 – 9. The Court agrees with Defendant and finds that the ALJ's RFC determination was supported by substantial evidence.

The RFC is an administrative finding that the ALJ is solely responsible for determining, based on consideration of the record as a whole. See 20 C.F.R. § 404.1527(e). In making the RFC determination, the Third Circuit has made clear that an ALJ is not required "to adhere to any set format for explaining his [or her] analysis so long as there is 'sufficient development of the record and explanation of findings to permit meaningful judicial review.'" *Garrett*, 274 F. App'x at 162-63 (quoting *Jones*, 364 F.3d at 505). While the ALJ here did not explain his RFC finding in the manner suggested by Plaintiff, he provided detailed findings related to Plaintiff's limitations and he referenced the state examiner opinions and other medical evidence which are consistent with his RFC findings. See R. at 33.

Furthermore, while an ALJ must consider the opinions of treating physicians, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity" where it is not well supported or there is contradictory evidence. *Chandler*, 667 F.3d at 361 (alteration in original) (quoting *Brown v. Astrue*, 649 F.3d 193, 197 n.2 (3d Cir. 2011)); 20 C.F.R. § 404.1527(c)(2); *see also Coleman v. Comm'r. of Soc. Sec. Admin.*, 494 Fed App'x 252, 254 (3d Cir. Sept. 5, 2012) ("Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason.") (quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)

("An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."); 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.").

ALJ Olarsch took into account Dr. Somaya Aboud's medical opinion and further asserted why, in rendering his decision, the ALJ did not place substantial weight on either of Dr. Abboud's medical statements. R. at 31. The ALJ reasons that both medical source statements set forth by Dr. Aboud, dated July 2012 and May 2013 respectively:

> [P]rovide, but especially the latter, a picture of a bed ridden individual. Such a picture is totally at odds with the function reports provide by the claimant at Exhibit 4E and his own hearing testimony. His activities of daily living, his ability to drive and his presentation at the hearing are not consistent with Dr. Aboud's opinion concerning the claimant's physical functioning. More importantly, supportive clinical findings are missing from Dr. Aboud's own treating notes at Exhibits 9F and 12F. May 2011 through May 2012 visits show the doctor only noting the claimant's complaints of shoulder and back pain with little, if any, physical findings indicated.

R. at 31. In accordance with Third Circuit precedent and the regulations, ALJ Olarsch afforded lesser weight to the opinions of Dr. Aboud since he found that Dr. Aboud's "opinions appear exaggerated in comparison with the actual treating records." Id. at 32. Because the ALJ adequately explained why he afforded little weight to the opinion of treating physician Dr. Aboud based on the consideration of all the symptoms and the entire records as a whole, the Court finds that substantial evidence supports ALJ Olarsch's RFC determination.

### B. Substantial Evidence Supports the ALJ's Credibility Determination

In support of its appeal, Plaintiff asserts that the ALJ failed to properly evaluate Plaintiff's credibility. Pl.'s Br. 21. Plaintiff argues that his testimony "regarding [his] symptoms and

resulting limitations, his limited activities of daily living, and his lack of response to treatment is consistent with the underlying record" and that the "ALJ's boilerplate conclusion was far from sufficient to provide a Court a meaningful decision for review." Id. 23 – 24. In opposition, Defendant avers that the ALJ's credibility determination should be affirmed because the "ALJ evaluated the Plaintiff's statements against the record as a whole and reasonably determined that his subjective complaints were not fully credible on account of his activity level – which included personal care, care for others, looking for a job, obtaining a job, music, writing and much more – and the diagnostic studies." Def.'s Br. 10.

A subjective complaint alone cannot establish disability; objective medical evidence must be provided. 20 C.F.R. §§ 404.1528(a), 1529(a), 416.928(a); see also *Prokopick v. Comm'r of Soc. Sec*, 272 F. App'x. 196, 199 (3d Cir. 2008). Instead, the ALJ must consider 'all of the available evidence' when evaluating the intensity and persistence of a claimant's symptoms, including objective medical evidence and a claimant's statements about his symptoms. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); see also *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) ('This obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it.'). However, an ALJ is not required to accept Plaintiff's testimony without question. The ALJ has discretion to evaluate Plaintiff's credibility and render an independent judgment in light of the medical findings and other evidence regarding the true extent of the alleged symptoms. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x. 761, 765 (3d Cir. 2009) ("Credibility determinations as to a claimant's testimony, regarding pain and other subjective complaints are for the ALJ to make.") (citing *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983)).

ALJ Olarsch's decision opines that "after careful consideration of the evidence, [the ALJ

finds] that the claimant's medically determinable impairments could be reasonably expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explain in [the administrative] decision." R. at 31. The administrative decision takes into account the hearing testimony of the Plaintiff and provides an overview of Plaintiff's said testimony, during which Plaintiff provided that the he does small grocery shopping, usually in the morning for things like the paper, bread and eggs. He said he grocery shops with his mother. He described having hobbies that included playing instruments. He said he could not do his past sales work due to not being physically able to get to work, due to his neck and back pain." Id. ALJ Olarsch takes into account the medical evidence in the record. Id. 28 – 34. As set forth above, the ALJ cannot base a determination on the Plaintiff's subjective complaints, but rather must take into account the entire record as a whole as ALJ Olarsch did in making his credibility determination. For these reasons, the Court finds that ALJ Olarsch properly evaluated the credibility of the Plaintiff and affirms ALJ Olarsch's credibility determination.

## V. CONCLUSION

After reviewing the administrative record in its entirety and in light of the foregoing, the Court finds that the ALJ's determination that the Plaintiff is not disabled is supported by substantial evidence. Accordingly, ALJ Olarsch's decision is affirmed. An appropriate Order follows this Opinion.

DATED: ~~April~~ May 1st, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE